# WELCH et al. v. UTAH ASSOCIATION OF CREDIT MEN et al.

No. 2260.   Decided January 31, 1912.   Rehearing Denied March 22, 1912. (121 Pac. 974).

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—ACCOUNTING BY AS-SIGNEE.   In an action by the stockholders of an assignor against an assignee for creditors for an accounting, evidence *held* to sustain a finding that the property of the assignor was sold by the manager of the assignee for $15,000, rather than $18,000, as claimed by plaintiffs.   (Page 522.)

2. JUDGMENT—STIPULATIONS—CONCLUSIVENESS—EVIDENCE— PROCEED-INGS IN ANOTHER CAUSE.   A corporation which was a de-fendant in. an action against it as assignee for creditors, brought by stockholders of insolvent corporation to recover a balance claimed to have been collected on a sale of the *res* and not paid over, after the submission of the action, com-menced an action against its manager and the purchaser to de-termine the amount of the sale price.   A judgment fixing the amount was entered in the latter case, and by stipulation of the parties to the first action the court files, evidence, verdict, and judgment were introduced in evidence.   *Held*, as a judg-ment rendered by a court having jurisdiction is, in the ab-sence of fraud or collusion, conclusive as to the relation of debtor and creditor and the amount of the indebtedness as to third parties in a subsequent suit, the stipulation being suffi-cient to bring the adjudication into the present suit, it con-cludes the parties; and a supplemental answer, setting up the judgment as a bar, was properly allowed to be filed.[1] (Page 523.)

APPEAL from District Court, Second District; *Hon J. A. Howell,* Judge.

Action by Joseph S. Welch and others against Utah Association of Credit Men and others.

Judgment for defendants.   Plaintiffs appeal.

AFFIRMED.

---

[1] Cooper v. Utah Light & Ry. Co., 35 Utah, 570, 102 Pac. 202, 136 Am. St. Rep. 1075.

*Evans & Evans* for appellants.

*Stephens, Smith & Porter* for respondents.

STRAUP, J.

Zion's Co-Operative Mercantile Institution of Morgan, Utah, a corporation engaged in a general mercantile business, became insolvent. It made an assignment of all its property to the defendant Utah Association of Credit Men, for the benefit of creditors. The association placed W. H. Rich in charge of it. About four months therafter, the assignee sold the property to Rich. The plaintiffs, stockholders of the assignor, commenced this action against the assignee and others for an accounting.

The principal ground of complaint is that the assignee, through its manager, John Q. Critchlow, sold the property to Rich for $18,000, and that it and Critchlow, in violation of their trust, and by fraudulent means, failed to collect from Rich more than $15,000, and only accounted for that amount. The plaintiffs also alleged that the assignee disposed of the property without an order or confirmation of a court, and made and filed no account. However, no relief is asked to set aside the sale, or to undo anything done by the assignee in that regard. The relief prayed is for an accounting, and that the assignee be charged with having received proceeds of the sale to the amount of $18,000, and that it be required to account to the plaintiffs on that basis. The assignee rendered and filed an account, showing its receipts and disbursements. It also filed an answer denying the charge of fraud and wrongdoing and the allegation of the complaint that the property was sold for an agreed price of $18,000, and alleged that the property was sold for an agreed price of $15,000, and no more, and that that amount and no more was paid to and received by it. The plaintiffs filed exceptions to the account. Most of them relate to minor matters. But little or no evidence was adduced to impeach them. The principal controversy arose over the issue in respect of the sale price of the property. In that regard, the plaintiffs assert that it was

for the sum of $18,000 and the defendants for $15,000. About all of the evidence was directed to that issue. The case was tried and submitted to the court in April, 1909. No findings were made, and no judgment entered, until in November, 1910, about nineteen months thereafter, when findings were made and a judgment entered in favor of the defendants.

After the cause was tried and submitted, and before the findings were made and the judgment entered, the Utah Association of Credit Men, in June, 1909, commenced an action in the same court against Rich and Critchlow, its general manager, to recover from them the sum of $3,000 and interest, alleged to be due and unpaid on the purchase price of the sale of the property to Rich. In that particular, it alleged, on information and belief, that its manager, Critchlow, sold the property to Rich for the sum of $18,000, and that Rich only paid the sum of $15,000. Rich and Critchlow appeared in that action, denied the allegations of the complaint, and alleged that the sale price was $15,000, and no more, and that that amount had been paid by Rich. Upon such issues, that case was tried to the court and a jury, and a verdict rendered in favor of Rich and Critchlow, upon which a judgment was entered accordingly in October, 1909. Thereafter the parties to this action, by written stipulation, stipulated that "the court files, evidence, verdict, and judgment" in the case of Utah Association of Credit Men against Rich and Critchlow "may be considered by the court as evidence and be filed as part of the proceedings" in this case, and stipulated the facts in respect of such verdict and judgment. Subsequently the Utah Association of Credit Men, in May, 1910, filed in this cause a supplemental answer, to which was attached the pleadings in such other action, and in which it pleaded such proceedings and judgment in bar of plaintiffs' claim on the issue respecting the sale price of the property and the amount agreed to be, and which was paid by Rich to it or to its manager. In this particular the Utah Association of Credit Men alleged that "the cause (Utah Association of Credit Men against Rich and Critchlow) was

set for trial on the 2d day of October, 1909, and that the evidence was fully and fairly presented on the part of the plaintiff and on the part of the defendant, whereupon the jury rendered judgment in favor of the defendant Rich, October 2, 1909; that in ample time to produce all evidence in support of plaintiff's allegations the plaintiff (the defendant herein) notified the plaintiffs to aid the defendant herein in presenting the evidence against said Rich in support of the complaint in said action (which is made a part of this answer), and after consultation with the plaintiffs herein they produced all the evidence which they claimed to exist or to have ever existed in support of the allegations of the said complaint, which was fully and fairly presented before said jury." It is not made to appear that the court, in determining the issues in this cause, and in making findings, and in entering a judgment, considered the pleadings, verdict, or judgment in such other action. The findings and conclusions made by the court respond only to the issues as presented by the pleadings before the filing of the supplemental answer. No reference whatever is made in the findings, or in the conclusions, to any of the matters contained in the supplemental answer, or in the stipulations.

The plaintiffs, in prosecuting this appeal from the judgment entered in this cause, assail the findings on the alleged ground that they are contrary to the evidence and the facts admitted by the pleadings. This is based upon the grounds (1) that the evidence shows that the property was sold for $18,000, and not $15,000, as found by the court; (2) that the Utah Association of Credit Men, by its supplemental answer, in which reference to its complaint filed against Rich and Critchlow is made, and in which complaint it had averred upon information and belief that the property was sold for the sum of $18,000, should be held to have made a conclusive judicial admission of such fact, and that the court should so have regarded it, and should have found that the property was sold for that amount. In respect of the first, the evidence is conflicting. The sale was not evidenced by any writing, except the checks and notes of

Rich. They, in the aggregate, show a price or consideration of $15,000. The plaintiffs called both Critchlow and Rich as witnesses in their behalf. They both testified that the sale price was for $15,000, and no more, and that that amount was paid by Rich to Critchlow, and by him to the Utah Asociation of Credit Men, who fully accounted for that amount to the assignor. There is no evidence to dispute this, except the testimony of some of the plaintiffs, who testified that, before the sale was made, both Critchlow and Rich stated at a meeting of the stockholders of the assignor that the price agreed upon was $18,000, and that the stockholders, upon such statement and upon such terms, gave their consent to the making of the sale and transfer of the property to Rich. This testimony was denied by both Critchlow and Rich. The findings therefore, upon the issues presented by the pleadings before the filing of the supplemental answer, are amply supported by the evidence.

The plaintiffs, however, urge that the averment by the Utah Association of Credit Men in its complaint in the action brought by it against Rich and Critchlow that the sale price was $18,000 was a conclusive judicial admission of that fact, and when it was brought into this case by its supplemental answer and the stipulation of the parties, the court ought to have so regarded it and so found the fact. The commencement of the proceeding by the Utah Association of Credit Men against Rich and Critchlow, after the trial and submission of this cause, the stipulations entered into between the parties, and the filing of the supplemental answer, are rather singular. Whether the Utah Association of Credit Men was entitled to file such a supplemental answer at that time, and to plead in this cause the judgment in such other action, we need not stop to consider. All such questions are closed by the stipulations. The facts that such an action had been commenced, and that such a judgment was had, and that in that action it was determined and adjudged that the sale price was $15,000 and not $18,000, and that Rich had paid to the association the full agreed purchase price, and that "the pleadings, the verdict,

the evidence, and the judgment" in that action should be made a part of the proceedings of this, and should be considered by the court as evidence, were all stipulated. That judgment is not assailed upon the ground of fraud or collusion, or upon any other ground. Had that adjudication been had before the commencement of this action, such judgment could have been successfully pleaded in this by the Utah Association of Credit Men in resisting the claim of the plaintiff's that the sale price was $18,000, and that Rich still owed the association the sum of $3000 and interest, unless assailed on the ground of fraud or collusion. For "a judgment rendered by a court having jurisdiction of subject-matter and of the parties is, in the absence of a plea and proof that it was obtained by fraud or collusion, conclusive as to the relation of debtor and creditor and the amount of the indebtedness, not only as between the parties, but also as to third parties in a subsequent suit, where such relation and indebtedness are called in question." (*Cooper v. Utah Light & Ry. Co.,* 35 Utah, 570, 102 Pac. 202, 136 Am. St. Rep. 1075.) Conceding that the judgment, had, as it was, in a cause commenced after the trial and submission of this cause could not properly, over plaintiffs' objections, have been pleaded in this cause as a supplemental answer at the time and for the purpose for which it was pleaded, yet, when the plaintiffs by their stipulations agreed that that might be done, and that the pleadings, the verdict, and the judgment should be considered by the court as evidence in this cause, and in no particular questioned or assailed that judgment, we think the plaintiffs stipulated themselves out of court.

The judgment of the court below is therefore affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.